IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN DOE No. 1, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: RDB-08-1281 |
| ODENTON VOLUNTEER FIRE COMPANY, INC, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On May 15, 2008, Plaintiffs John Doe No. 1 and John Doe No. 2 (collectively "Plaintiffs") filed the present action in this Court against Defendants Odenton Volunteer Fire Company Inc. and Anne Arundel County (collectively "Defendants"). Plaintiffs' Complaint contained claims for violations of their federal and state constitutional rights, retaliation under Title VII of the Civil Rights Act of 1964, negligent retention and supervision, intentional infliction of emotional distress, and defamation. On May 18, 2009, Plaintiffs submitted a Notice of Acceptance of Offers of Judgment, and this Court entered judgment in favor of the Plaintiffs on May 20, 2009.

Currently pending is Plaintiffs' Motion for Attorneys' Fees and Costs (Paper No. 70), which is brought under the authority of Fed. R. Civ. P. 68, 42 U.S.C. § 1988, and Local Rule 109. Defendants' brief in response and Plaintiffs' reply brief have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Plaintiffs' pending motion is GRANTED IN PART and DENIED IN PART. In the accompanying Order, this Court awards Plaintiffs attorneys' fees and costs in the amount of $146,631.88.

**I. Plaintiffs' Request**

Plaintiffs seek the recovery of attorneys' fees and the reimbursement of certain litigation costs. In sum, Plaintiffs request that this Court award $ 190,625.97 in attorneys' fees and costs, as follows:

| Attorney/ Employee & Title | Rate | Hours | Total |
|---|---|---|---|
| Joyce E. Smithey, Partner | $290 | 433.50 | $ 125,715.00 |
| Charles S. Fax, Partner | $400 | 2.90 | $ 1,160.00 |
| Ellen B. Flynn, Partner | $290 | 18.00 | $ 5,220.00 |
| Lance Young, Associate | $180 | 25.70 | $ 4,626.00 |
| Michael Miller, Law Clerk | $115 | 5.10 | $ 586.50 |
| Donna McHugh, Paralegal | $115 | 219.00 | $ 25,185.00 |
| Heather Pike, Paralegal | $110 | 0.30 | $ 33.00 |
| | | Total | $ 162,525.50 |
| | | Expenses | $ 28,100.47[1] |
| | | | $ 190,625.97 |

**II. Attorneys' Fees**

Defendants concede that Plaintiffs are the prevailing party in the present case. *See* Defs.' Resp. at 6. Plaintiffs are therefore entitled to an award of reasonable attorneys' fees.

This Court has explained the calculation of a reasonable fee award, known as the lodestar award, as follows:

> A court's award of reasonable attorneys' fees is the product of the reasonable hours expended multiplied by a reasonable hourly rate. In assessing the reasonableness of the hours and rate claimed, the court considers the following twelve factors elucidated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir.1978): "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the

---

[1] In their original motion for fees, Plaintiffs sought a total of $25,443.97 in litigation-related expenses. On October 13, 2009, Plaintiffs filed a Supplement to Motion for Attorneys' Fees and Costs (Paper No. 82) that sought an additional $2,656.50 in fees for Plaintiffs' expert, Rignal W. Baldwin, Jr. As a result, Plaintiffs seek a total of $28,100.47 in litigation-related expenses.

>undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Xiao-Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 764 (D. Md. 2001) (quoting *EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) and citing, *inter alia*, *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). The twelve-factor test is subsumed in the initial calculation of the lodestar award. *Hensley*, 461 U.S. at 434 n.9. "'When . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal quotations omitted). The same standards are applied under both 42 U.S.C. § 1988 and 42 U.S.C. §2000e-5. *Hensley*, 461 U.S. at 433 n.7.

This Court is further guided by Appendix B of its own Local Rules, which is entitled "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases." Appendix B contains specific mandatory rules regarding billing format, time recordation, and the submission of quarterly statements to opposing counsel, as well as guidelines regarding compensable and non-compensable time and hourly rates.

As noted above, Plaintiffs seek $162,525.50 in attorneys' fees. Defendants, on the other hand, contend that this figure does not represent a reasonable lodestar figure. More specifically, Defendants challenge the Plaintiffs' time and hourly rates, their "billing judgment," the proportionality of the bill in regards to the case's history, and its associated costs. Finally, Defendants claim that the Plaintiffs' fee and costs petition is overreaching and that their fee award should be reduced as a penalty.

**A. Reasonableness of Hourly Rates**

The hourly rates employed in the lodestar should be the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." *Rum Creek Coal Sales v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (citing *National Wildlife Federation v. Hanson*, 859 F.2d 313 (4th Cir. 1988)).

The hourly rates requested by the attorneys at Rifkin, Livingston, Levitan & Silver, LLC ("RLLS") are reasonable, as they reasonably mirror the prevailing rates of lawyers of comparable experience in the Baltimore market. This conclusion is supported by the affidavits of Albert D. Brault, Esq., (Pls.' Ex. 3), Andrew M. Dansicker, Esq. (Pls.' Ex. 4), and Rignal W. Baldwin, Jr. (Pls.' Reply Ex. 1), all of whom are prominent lawyers in the area. The rates also generally fall within the ranges set forth in Appendix B of the Local Rules.[2] Finally, it is notable that the RLLS attorneys and employees that worked on this case made voluntary cuts to their hourly rates. As a result of these rate cuts, Plaintiffs' overall petition for attorneys' fees was reduced by $70,299. (Pls.' Mot. at 18.)

**B. Attorneys' Fees and Costs Accrued after February 25, 2009 are Not Recoverable**

In a letter dated February 25, 2009, Defendants presented their Offers of Judgment, which included offers to pay for "reasonable attorney's fees and costs accrued to date." *See* Notice of Acceptance of Offers of Judgment (Paper No. 66), Ex. A. In their Acceptance of Offers of Judgment, Plaintiffs stated that they would accept the Defendants' offers that included "reasonable attorney's fees and costs accrued to date pursuant to Rule 68 of the Federal Rules of

---

[2] Appendix B of the Local Rules provides the following ranges:
    a. Lawyers admitted to the bar for less than five years: $150-190.
    b. Lawyers admitted to the bar for five to eight years: $165-250.
    c. Lawyers admitted to the bar for nine to fourteen years: $225-300.
    d. Lawyers admitted to the bar for fifteen years or more: $275-400.
    e. Paralegals and law clerks: $95-115.
U.S. District Court Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (D. Md. 2008).

Procedure." *Id.* at Ex. B.  In their Acceptance, Plaintiffs also stated that "[i]f the parties cannot agree upon the amount of reasonable attorney's fees and costs to which the plaintiff is entitled, the plaintiff shall submit, through motion, the issue of amounts of reasonable fees and costs to the Court for determination." *Id.*  On May 20, 2009, this Court entered its Order of Judgment (Paper No. 67) that awarded Plaintiffs "reasonable attorney's fees and costs accrued to date." The following day, this Court corrected its Order "to reflect that the judgment entered as to [Plaintiffs] should include reasonable attorney's fees and costs accrued through 'February 25, 2009,' rather than 'accrued to date.'"

Defendants contend that the language of its Offers of Judgment and this Court's Order of Judgment prohibit the inclusion of any attorneys' fees or costs that have been accrued since February 25, 2009.  Plaintiffs, on the other hand, argue that they are entitled to the reimbursement of all reasonable fees and costs accrued to the present date, including time spent litigating the issue of attorneys' fees.

The United States Court of Appeals for the Fourth Circuit has recently dealt with this precise issue in *Grissom v. Mills Corp.*, 549 F.3d 313, 319-20 (4th Cir. 2008).  In *Grissom*, the Defendant's Offer of Judgment included the following language:

> This Offer of Judgment does not cover any attorneys' fees and costs [Plaintiff] has incurred.  Rather, the issue of attorneys' fees and costs shall be resolved in a separate proceeding through a petition to the Court, where the Court shall determine the extent to which [Plaintiff] and/or his attorney are entitled to fees and costs, if any.

549 F.3d at 320.  Despite this language, the court held that Plaintiff was not entitled to attorneys' fees and costs accrued after the date of the Offer of Judgment.  In reaching its decision, the court explained:

> First, Rule 68, by its plain and unambiguous terms, provides for entry of judgment in favor of the plaintiff on terms specified in an offer of judgment, plus pre-offer

5

costs (here, including attorneys' fees).  The contract language to which Plaintiff points in no way makes attorneys' fees and costs accrued *after* Defendant's Rule 68 Offer of Judgment part of the offer of such offer of judgment.  The language upon which Plaintiff relies says nothing about altering the normal operation of Rule 68 to allow Plaintiff to recover costs beyond May 11, 2007.  Indeed, when the language upon which Plaintiff relies is read, as it should be, in conjunction with Rule 68, it is clear that the reference to "the issue of attorneys' fees and costs" pertains only to attorneys' fees and costs accrued as of the date of the Defendant's Rule 68 Offer of Judgment.  *Cf. Marek*, 473 U.S. at 7 (if amount of costs is not specified in Rule 68 offer of judgment, district court is obliged to calculate costs then accrued under the statute or contract at issue and add that to the final judgment).  In sum, we hold the district court erred in awarding Plaintiff post-offer attorneys' fees and costs.  Accordingly, we vacate the district court's final judgment and remand for further proceedings to correct this error.

549 F. 3d at 320.

This Court finds that the *Grissom* decision, a controlling Fourth Circuit precedent, is directly applicable to the instant case.  Moreover, the Order of Judgment in this case expressly provides that Plaintiffs are entitled to "reasonable attorney's fees and costs accrued through February 25, 2009."  Consequently, Plaintiff will not be reimbursed for any costs or hours worked after February 25, 2009.

As a result of these reductions, the charged hours for the RLLS lawyers and employees will be recognized as follows:

| Attorney/ Employee & Title | Hours Requested | Hours Accrued after Feb. 25, 2009[3] | Hours Accrued through Feb. 25, 2009 |
|---|---|---|---|
| Joyce E. Smithey, Partner | 433.50 | (101.80) | 331.70 |
| Charles S. Fax, Partner | 2.90 | (1.70) | 1.20 |
| Ellen B. Flynn, Partner | 18.00 | | 18.00 |
| Lance Young, Associate | 25.70 | | 25.70 |
| Michael Miller, Law Clerk | 5.10 | | 5.10 |
| Donna McHugh, Paralegal | 219.00 | (66.90) | 152.10 |
| Heather Pike, Paralegal | 0.30 | | 0.30 |

---

[3] These numbers are taken from Exhibit 1 of Defendants' Response to Plaintiffs' Petition for Attorneys' Fees and Costs (Paper No. 76).

### C. Reasonableness of Hours

The hours billed by the Plaintiffs are generally reasonable. However, the hours will be trimmed as follows in order to bring them into alignment with this Court's view of what is a reasonable amount of time to be spent on certain tasks:

- Donna McHugh spent 7.10 hours for working on a case timeline for John Doe 2. (See Pls.' Ex. 2A at 7-10.) This will be reduced to 4.3 hours.
- McHugh spent 0.70 hours finalizing and e-filing Plaintiffs' Corporate Disclosure Statement. (See Pls.' Ex. 2A at 59.) This will be reduced to 0.30 hours.
- Joyce Smithey spent 11.9 hours drafting discovery requests. (See Pls.' Ex. 2A at 63-64.) This will be reduced to 5.0 hours.
- McHugh spent 5.30 hours reviewing and revising Plaintiffs' Rule 26 initial disclosures. (See Pls.' Ex. 2A at 65.) This will be reduced to 3.0 hours.
- Smithey and McHugh both billed 3.10 hours on discovery responses. (See Pls.' Ex. 2A at 79-80.) Their respective billings for this task will be reduced to 1.55 hours each.
- Lance Young spent 2 hours preparing for the filing of a consent order. (See Pls.' Ex. 2A at 91.) This will be reduced to 1 hour.

As a result of these reductions, the charged hours for the RLLS lawyers and employees will be recognized as follows:

| Attorney/ Employee & Title | Hours Accrued through Feb. 25, 2009 | Deductions | Recoverable Hours |
|---|---|---|---|
| Joyce E. Smithey, Partner | 331.70 | (8.45) | 323.25 |
| Charles S. Fax, Partner | 1.20 | | 1.20 |
| Ellen B. Flynn, Partner | 18.00 | | 18.00 |
| Lance Young, Associate | 25.70 | (1) | 24.70 |
| Michael Miller, Law Clerk | 5.10 | | 5.10 |
| Donna McHugh, Paralegal | 152.10 | (7.05) | 145.05 |
| Heather Pike, Paralegal | 0.30 | | 0.30 |

### III. Litigation Costs

In addition to attorneys' fees, Plaintiffs have requested $28,100.47 in litigation-related costs and expenses. It is well-established that plaintiffs who are deemed entitled to attorneys' fees are also entitled to recover their reasonable litigation-related expenses as part of their overall award. *See Daly v. Hill*, 790 F.2d 1071, 1084 (4th Cir. 1986). This Court has carefully reviewed

Plaintiffs' petition and finds its costs and expenses to be reasonable. However, as noted above, Plaintiffs are only entitled to costs accrued through February 25, 2009—the date of the Offer of Judgment. According to the Plaintiffs' list of disbursements and expenses, they have requested payment for two items that were dated after February 25, 2009: (1) Postage expenses ($0.84); and (2) Expert Fees for Rignal W. Baldwin, Jr. ($2,656.50). After deducting these items, this Court finds that Plaintiffs are entitled to $25,443.13 in costs.

## CONCLUSION

Plaintiffs' Motion for Attorneys' Fees and Costs (Paper No. 70) is GRANTED IN PART and DENIED IN PART, as reflected in the following chart. In the accompanying Order, this Court awards total attorneys' fees and costs in the amount of $146,631.88.

| Attorney/ Employee & Title | Rate | Hours | Total |
|---|---|---|---|
| Joyce E. Smithey, Partner | $290 | 323.25 | $ 93,742.50 |
| Charles S. Fax, Partner | $400 | 1.20 | $ 480 |
| Ellen B. Flynn, Partner | $290 | 18.00 | $ 5,220 |
| Lance Young, Associate | $180 | 24.70 | $ 4,446 |
| Michael Miller, Law Clerk | $115 | 5.10 | $ 586.50 |
| Donna McHugh, Paralegal | $115 | 145.05 | $ 16,680.75 |
| Heather Pike, Paralegal | $110 | 0.30 | $ 33 |
| | | Total Attorneys' Fees | $121,188.75 |
| | | Expenses | $ 25,443.13 |
| | | Total | $ 146,631.88 |

Dated: October 20, 2009                         /s/_____
                                                Richard D. Bennett
                                                United States District Judge